212

**CIRCUIT COURT OF THE CITY OF RICHMOND**

Patrick Siewert

v.

Virginia Commonwealth
University

February 14, 2002

Case No. HS-21-4

By Judge Randall G. Johnson

This is an appeal of a decision of a hearing officer in a state grievance brought pursuant to Va. Code § 2.2-3000 *et seq.* At issue is whether the hearing officer's decision is "contradictory to law." Va. Code § 2.2-3006(B).

The facts are not in dispute. Patrick Siewert is employed as a police officer by Virginia Commonwealth University (VCU). On June 1, 2001, he was reviewing documents in his police car while parked in a parking lot. While putting the documents away, he took his foot off the break pedal. His visibility was impaired by condensation on the windshield. Just as his windshield wipers finished one cycle, the car hit a concrete post. The force of the impact caused the airbags to deploy. His speed was estimated by an accident reconstructionist at twelve to seventeen miles per hour, possibly higher. Siewert suffered injuries to his knees, a burn on his head, and a minor cut on his lip.

The accident was investigated by the Virginia State Police. Based on the estimate made by the state trooper, Lt. Welch of the VCU police department believed the damages to Siewert's car to be $3,500. He recommended to his commanding officers that Siewert pay the first $100 of the cost of repair, be issued a strong counseling letter, and attend eight hours of training.

On June 7, 2001, Lt. Welch received two estimates of damage to Siewert's car. Those estimates determined that the damage to the car ranged from $13,493.47 to over $15,000. Upon receiving the estimates, Welch

reevaluated the discipline he had recommended. As a result, VCU issued a Group III Written Notice and a five-day suspension.

Siewert filed a grievance under the provisions of Va. Code § 2.2-3003. The grievance was not resolved before proceeding to a hearing as provided for in § 2.2-3004. After hearing the evidence, the hearing officer determined that the discipline given to Siewert was inconsistent with discipline given to other police officers by VCU and was too severe. The hearing officer rescinded the Group III Written Notice and ordered VCU to provide Siewert with back pay for the period of his suspension, less any interim earnings he received, plus credit for annual and sick leave that he would have accrued during that period. VCU filed this appeal pursuant to Code § 2.2-3006(B).

VCU argues that the hearing officer's decision is "contrary to law" because it ignores VCU's "exclusive right to manage the affairs and operations" of the University. See Va. Code § 2.2-3004(B). By holding that the discipline administered in this case was too severe, says VCU, the hearing officer has usurped that "exclusive right." The court agrees.

The basis for the hearing officer's decision was his comparison of what happened in this case with what happened in four other cases involving VCU police officers who had had accidents with their vehicles. On October 21, 2000, a police officer was attempting to enter a parking deck. He became distracted as he drove into the deck and struck a pole, damaging the passenger side mirror and window. The cost to repair the mirror and window was $300. The officer received a letter of counseling and was required to participate in a defensive driving course.

On March 23, 2000, a police officer was driving his car in the same parking lot where Siewert had his accident. The officer was driving approximately twenty miles per hour when he struck a concrete pole, causing $1,500 damage to the car. He received a letter of counseling and was required to complete a remedial driving course.

On March 16, 2000, a police officer collided with another car while making a U-turn. The cost to repair the police car was approximately $2,000. The cost to repair the other car was approximately $3,000. At the time of the collision, the officer was responding to a call. No disciplinary action was taken against the officer.

On February 27, 2000, an officer struck a concrete pole while attempting to park in a parking deck. The damage to the vehicle was $150 to $300. The officer received a verbal counseling.

Contrary to the hearing officer's findings, none of the instances just referred to are comparable to what happened in Siewert's case. Damages of $300, or $1,500, or even $5,000 are not the same as damages in excess of

214

$13,000. In fact, in the case involving damages of $5,000, $2,000 to the police car and $3,000 to the other car, there was never a finding of fault on the part of the police officer, who was responding to an official call. To say that the instances are comparable is simply wrong.

The court also rejects the hearing officer's suggestion, which is implicit in his decision, that VCU is somehow limited in its consideration of the amount of damage caused by an employee's conduct when deciding what discipline to administer. Specifically, the hearing officer said:

> By focusing on the amount of damages rather than the degree of employee negligence, the University arbitrarily applied corrective action. The *Standards of Conduct* are intended and designed to address employee behavior. The primary focus of the *Standards of Conduct* is employee behavior. The amount of damage caused by an employee's action is one aspect to measure the seriousness of that behavior, but it is not the only or primary way to measure the severity of the behavior. For example, one can envision circumstances where one employee is slightly negligent but his negligence causes extreme financial loss whereas another employee is grossly negligent but because of happenstance the amount of financial loss is low. If the amount of damage is the primary consideration when disciplining employees, the employee who was slightly negligent would receive greater discipline than would the employee whose behavior was grossly negligent. This approach would be inconsistent with the objective of addressing employee behavior.

Hearing Officer Decision, at 5 (footnotes omitted).[1]

The court does not disagree with much of the above quotation. Indeed, the hearing officer is correct when he says that the primary focus of the *Standards of Conduct* is employee behavior. He is also correct when he implies that ignoring an employee's conduct in determining discipline would be arbitrary. What the court does disagree with is the hearing officer's implication, inherent in his decision, that there is some set formula with regard to conduct versus damages that VCU failed to follow when it determined what discipline to administer in this case.

---

[1] The *Standards of Conduct* referred to in the quotation contains the policies that govern employee conduct and discipline at VCU.

The fact is that VCU did not ignore Siewert's conduct. It simply concluded that such conduct, *together with the damages caused by that conduct*, warranted the discipline given. There is nothing in the *Standards of Conduct* or any other law, regulation, or policy that mandates how much weight VCU must give to an employee's conduct as opposed to how much weight it must give to the consequences of that conduct. While the hearing officer or this court might prefer to see a different punishment, neither the hearing officer nor this court has any business telling VCU how to discipline its employees, so long as such discipline is not arbitrary and is otherwise lawful. VCU was within its rights to treat Siewert's conduct, which caused more than $13,000 in damage to state property, differently than it treated the conduct of other officers, which at most caused $5,000 in damage. And that ignores the fact that the officer involved in the $5,000 accident was never officially found to have been at fault. Where fault was found, the most damage any other officer ever caused was $1,500.

Based on the above, the court holds that the decision of the hearing officer is contrary to law. That decision will be reversed and the discipline administered by VCU will be reinstated.

*Order*

This cause came on February 7, 2002, on Virginia Commonwealth University's appeal of the decision of the hearing officer rendered in this action on October 2, 2001, and was argued by counsel. Upon consideration whereof, and for the reasons stated in the letter opinion dated this date, it is ordered that the decision of the hearing officer is reversed as being contrary to law, and the discipline previously assessed by Virginia Commonwealth University in this action is reinstated, Siewert's objection being noted.