## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas E. Tatum

v.

Virginia Department
of Agriculture
and Consumer Services

July 17, 2002

Case No. HS-608

BY JUDGE MELVIN R. HUGHES, JR.

In this case, a state agency, the Virginia Department of Agriculture and Consumer Services, has appealed the decision of a hearing officer in the matter of a grievance of employee, Thomas Tatum. Tatum timely grieved the termination from the position of Compliance Safety Officer for the Office of Product and Industry Standards. While upholding the agency's determination of misconduct that led to the agency's decision to terminate, the hearing officer reduced the finding of a Group III written notice with removal to the Group II written notice without removal. The decision reinstated Tatum to his position. The case is here pursuant to Virginia Code § 2.2-3006(B), which sets out the right of "a party . . . [to] . . . appeal on the grounds that the determination is contrary to law . . ." under the state grievance procedure.

The salient facts are undisputed. As a Compliance Safety Officer, Tatum's duties included the inspection of gasoline pumps to insure accurate calibration. Inspectors work independently, are seldom supervised, and are vested with police powers in weights and measures law.

During the fall of 2000, Tatum began to engage in outside work activities similar to the work he performed as inspector for the agency. That is, he began to work during off-hours for F. W. Baird, a company the agency regulates. Because Tatum received compensation from a business his agency

regulates, the agency found that this activity constituted a prohibited conflict of interest and issued a Group II written notice. Tatum did not grieve this disciplinary action.

To account for sick leave, Tatum was required to complete three documents: a Leave Activity Reporting Form, a Time Sheet, and an Internal Work Report. Tatum completed the forms for the period of November 20 through November 21, 2000, and was compensated for personal sick leave he claimed for this period. During his absence, Tatum performed the outside work for a regulated business and was compensated for that work. After the agency found out that Tatum falsified the sick leave forms, it issued a Group III written notice under the state personnel policy. The normal disciplinary action on a Group III finding is discharge, which the agency imposed.

After Tatum grieved this disciplinary action and after a hearing, the hearing officer found that Tatum's favorable work performance during his nine years of employment with the agency was a sufficient basis to reduce Tatum's discipline from a Group III written notice with removal to a Group II written notice without removal. Here, on appeal, the agency contends that the hearing officer's decision to mitigate the disciplinary outcome is without authority and, thus, contrary to law.

The agency relies heavily on *Siewert v. Virginia Commonwealth Univ.*, 58 Va. Cir. 212 (2002), a case decided by the Honorable Randall G. Johnson of this court. In Siewert, the court found in a state grievance case, as the agency contends here, that the hearing officer's decision, in the absence of arbitrary or unlawful discipline violated the state agency's exclusive right to manage its affairs. The agency takes this position because it views Tatum's position as a Compliance Safety Officer as one of particular trust requiring a high degree of personal integrity.

In *Siewert*, Siewert was a campus police officer for V.C.U. He was sitting in his police car filling out paper work when his foot slipped from the brake pedal. The windshield was covered in condensation, impairing Siewert's view. The car slammed into a concrete post at approximately 12 to 17 m.p.h. Siewert sustained injury to his knees, a burn on his head, and a minor cut on his lip. The accident was investigated by the State Police, and the damage to the vehicle was estimated at $3,500.00. A letter of reprimand and a small payment was recommended as Siewert's discipline.

However, after receiving estimates that the damages to the vehicle were actually $13,493.00 to over $15,000.00, the supervising officer recommended stronger disciplinary action. V.C.U. issued a Group III written notice and five-day suspension.

At the subsequent grievance hearing, the hearing officer determined the discipline was inconsistent with the discipline given to other officers by V.C.U. and was too severe. The hearing officer ordered that V.C.U. provide Siewert with back pay for his period of suspension, less earnings, plus credit for annual and sick leave.

V.C.U. appealed on the grounds that the hearing officer's decision was contrary to law because it ignored V.C.U.'s exclusive right to manage the affairs and operations of the University.

The court agreed. The hearing officer's decision was incorrect in its implication that there is a set formula with regard to conduct versus damages that V.C.U. failed to follow. The hearing officer had no right to tell V.C.U. how to discipline its employees, so long as such discipline is not arbitrary and is otherwise lawful. The court said that the several fact scenarios used by the hearing officer in showing arbitrariness on the part of V.C.U. were not in fact comparable. Each previous situation dealt either with far less monetary damage or an absence of negligent conduct by the officers. Thus, V.C.U. was within its rights in issuing a more severe punishment to Siewert based on the facts at hand.

Here, in his written decision, the hearing officer, while finding that Tatum intentionally falsified the leave forms, observed that there was no evidence of falsifying inspection records and found that one act of falsification in light of an otherwise uneventful, discipline free course of employment for nine years was not justification for the agency to no longer trust Tatum to carry out his inspection duties. I do not believe that the hearing officer is charged with overriding a management decision with respect to discipline upon a finding of misconduct unless the discipline meted out is arbitrary or contrary to law as in Siewert. On examination of the record, there is nothing to suggest that the agency came to its decision to terminate blindly or without a reasoned basis based on what went on during the course of its investigation, the nature of the infractions, and Tatum's admissions. Here, we have an instance of the hearing officer's substituting judgment regarding discipline, although reasonable, against that of the agency's which is also reasonable. Compared against the applicable legal standard namely, the agency's exclusive right to manage [its] affairs and operations. See Va. Code § 2.2-3004(B), this difference of view must bend in favor of the agency determination of the proper sanction to be imposed for the infraction involved because the agency determination was reasonable and not arbitrary or contrary to law.

Accordingly, the court agrees with the agency position in this case. The decision of the hearing officer to allow reinstatement is contrary to law and the decision in this respect is reversed.